Bob C. Burns, Ph.D. President, NorthWest Arkansas Community College 212 South Third Street Rogers, AR 72756
Dear Dr. Burns:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§25-19-101 through -107 (Repl. 1992 and Supp. 1993). Your request is made pursuant to § 25-19-105(c)(3) (Supp. 1993), which authorizes the custodian, requester, on the subject of the records to seek an opinion from this office regarding the custodian's decision with respect to the release of personnel or evaluation records.
Your questions involve an FOIA request for the release of a letter of resignation of the College's dean of instruction. You have asked whether the memorandum should be released; and if so, whether the College can substitute a second memorandum of resignation at the request of the employee.
As an initial matter, it must be noted that in accordance with §25-19-105(c)(3)(A), the custodian "shall, within twenty-four (24) hours of the receipt of the request, determine whether the records are exempt from disclosure. . . ." The custodian must then make efforts to notify the requester and the subject of that decision. Id. If either the custodian, requester, or the subject of the records seeks an opinion from this office, the Attorney General "shall [within three (3) working days] issue an opinion stating whether the decision is consistent with [the FOIA]." A.C.A. § 25-19-105(c)(3)(B).
It is thus clear that the custodian must make an initial determination regarding release of the requested records, and must make an effort to relay this decision to the subject of the records. With regard to the particular request in this instance, you have not indicated what the custodian's decision was. While I am therefore unable to review that decision, as required under § 25-19-105(c)(3), opinions previously issued by this office with regard to letters of resignation offer guidance in addressing the record in question.
This office has previously opined that, generally, a letter of resignation is not an "employee evaluation or job performance record" under the FOIA (A.C.A. § 25-19-105(c)(1)). See Op. Att'y Gen. 88-147. Rather, as a general matter, such a record should be evaluated under §25-19-105(b)(10) pertaining to "personnel records." Personnel records are exempt from disclosure only to the extent that disclosure would constitute "clearly unwarranted invasion of personal privacy." Id. If exempt information can be removed, it is to be excised and the remainder made available for public inspection and copying. Op. Att'y Gen. 88-078.
The test to determine to what extent personnel records are exempt from disclosure is an objective test that has developed through case law. The fact that an employee may consider release of the records invasive of his or her privacy is not relevant to the analysis. Op. Att'y Gen. 93-055. The Arkansas Supreme Court, in the case of Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), adopted a balancing test in applying subsection (b)(10). The court stated:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on "intimate details of the candidates' lives," and the release of the information could subject them to embarrassment and perhaps threaten future employment. Id. The Court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
With regard, generally, to resignation letters, this office has previously opined that a statement detailing the employee's intent to cease employment on a certain date does not implicate the privacy concerns reflected in § 25-19-105(b)(10). Op. Att'y Gen. 89-077 (copy enclosed). And in at least one instance, comments in a resignation statement regarding the employee's justifications for resigning were not deemed sufficiently "personal in nature" to implicate a privacy interest under the FOIA. Id., citing McCambridge v. City of Little Rock,298 Ark. 219, 230, 766 S.W.2d 909 (1989) (regarding the test for what type of information is "personal" under a constitutional privacy analysis).[1]
Whether any additional information in a statement of resignation constitutes the type of intimate detail which might subject the individual to embarrassment, disgrace, or loss of employment (see Young,
above), will of course require a factual determination in each instance. A resignation statement might, for example, contain information concerning the effect of the job on the employee's life, possibly implicating a substantial privacy interest. The public's interest in disclosure must then be considered. See generally J. Watkins, TheArkansas Freedom of Information Act 126-130 (2d ed. 1994) (regarding the two-step balancing process under subsection (b)(10)). This office has suggested, however, based upon federal case law, that if the privacy interest is de minimus, there is no need to proceed further with the analysis, and the information is disclosable. Ops. Att'y Gen. 93-131 and 90-335.
It becomes apparent that the required analysis under § 25-19-105(b)(10) is factually intensive and demands a case-by-case determination. The foregoing offers general guidance in making the necessary determination with respect to the particular record in question in this instance.
In response to your second question regarding the substitution of a second memorandum of resignation in the event the first memo must be released, it is my opinion that such action would be contrary to the FOIA if the first memorandum is/was in fact maintained by the College when the FOIA request was made. Assuming that the first memorandum of resignation is in fact subject to disclosure under the FOIA, then it must be recognized that this public record is open for inspection and copying once it is submitted to and kept by the College. When an FOIA request is made for such a record, it is my opinion that an agency's action in permitting withdrawal would be contrary to the FOIA. This was the conclusion reached in Attorney General Opinion 93-263, a copy of which is enclosed. As stated therein, it seems clear that the right to inspect and copy such records is triggered by the FOIA request. Any delay in making the records available is authorized under the FOIA only as a matter of necessity. Id. at 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In McCambridge, 298 Ark. at 230, the court said:
 [A] `personal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged governmental action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed.